IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK I RESTORATION SVC<br>1257 DeKalb Pike<br>Blue Bell, PA 19422<br><br>vs.<br><br>Zurich<br>1400 American Lane<br>Schaumburg, IL 60196 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br><br>NO. 02-3729 |

## COMPLAINT

**NOW COMES** Plaintiff, Mark I Restoration SVC by and through its authorized counsel of record, Mayers, Mennies & Sherr, LLP, and hereby files the following Complaint for declaratory judgment and bad faith and in support thereof avers as follows:

### JURISDICTION VENUE

1. This Court has jurisdiction of this matter pursuant 28 U.S.C. §1332 in that there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. At all times material to this Complaint and the causes of action stated herein, Defendant, Zurich has done business in Pennsylvania and has had contacts with the Commonwealth sufficient to establish personal jurisdiction over it pursuant to 42 Pa. C.S. §5322.

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(a) and (c), in that Defendant has a regional office located at 1818 Market Street, Suite 3202, Philadelphia, PA 19103.

### PARTIES

4. Plaintiff, Mark I Restoration SVC is a corporation licensed to do business in Pennsylvania with a business address of 1257 DeKalb Pike, Blue Bell, PA 19422 (and also

transacting business in the State of New Jersey with a business address of 109 Lafayette Street, Riverside, NJ 08075-3104).

5. Defendant, Zurich is an insurance company with its corporate headquarters and principal place of business at 1400 American Lane, Schaumburg, IL 60196; Zurich is licensed to transact business in the Commonwealth of Pennsylvania and regularly conducts business in and throughout Pennsylvania, with a regional office located at 1818 Market Street, Suite 3202, Philadelphia, PA 19103.

## OPERATIVE FACTS

6. This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq. for purposes of determining a question of actual controversy between the parties as to the existence of insurance coverage by Zurich in favor of Mark I Restoration SVC as is hereinafter more fully set forth.

7. Additionally, Plaintiff alleges a bad faith claim against Zurich as a result of their mishandling of Plaintiff's claim.

8. At all times material hereto, Defendant, Zurich conducted its business by and through its agents, servants, workmen and/or employees who were acting within the course and scope of their agency and/or employment with Zurich, and with its expressed, implied, apparent and/or ostensible authorization, permission and/or consent.

9. At all times relevant hereto, Defendant, Zurich insured Plaintiff, Mark I Restoration SVC under a specialty contractors policy No. 31418321 purchased by Plaintiff, Mark I Restoration SVC, which policy was in full force and effect at all times relevant hereto. (A true and correct copy of said policy is attached hereto as Exhibit "1").

10. Initially, Plaintiff, Mark I Restoration SVC was joined as an Additional Defendant in an underlying action brought in the Court of Common Pleas of Philadelphia County, captioned *Christine Broadwell v. Nationwide Mutual Fire Insurance Co. and Work Restoration, Inc.*, Case No.

002968, May Term 2000.  (A true and correct copy of the initial pleading is attached hereto as Exhibit "2").

11.	In the *Broadwell v. Nationwide Mutual Fire, et al.* action, Plaintiff, Christine Broadwell filed a Complaint against Nationwide Mutual Fire Insurance Company and Work Restoration, Inc. for claims of bad faith and negligence.  (See Exhibit "2").

12.	Ms. Broadwell alleged that a skunk sprayed her home, which caused her to make a claim under her homeowner's insurance policy with Defendant, Nationwide for removal of the odor.  (See Exhibit "2").

13.	Work Restoration, Inc. was hired by Nationwide Mutual Fire Insurance Company to deodorize the property and Plaintiff alleged that she is now sick from the chemicals used by Work Restoration, Inc.

14.	Ms. Broadwell's Complaint alleges that Nationwide's representatives, and Mark I Restoration through incorporation by reference of the same in the Joinder Complaint, "… entered the property and introduced numerous chemical agents, blocks and/or other foreign substances into the property …".  (See Exhibit "2", ¶9).

15.	The Complaint further alleges that, "… by virtue of Defendants' improper use of chemical agents, blocks and other foreign substances as described above and below, it is believed … that Ms. Broadwell has developed a sensitivity to said agents, blocks and substances …".  (Exhibit "2", ¶14).

16.	On November 30, 2000, Work Restoration, Inc. filed a Writ against seven Additional Defendants including Additional Defendant, Mark I Restoration SVC.

17.	On January 31, 2001, Work Restoration, Inc. filed a Joinder Complaint against the seven Additional Defendants including Additional Defendant, Mark I Restoration SVC.  (A true and correct copy of that Joinder Complaint is attached hereto as Exhibit "3").

18.	Therein, Defendant, Work Restoration, Inc. alleged in Count II of the Joinder

Complaint that Additional Defendant, Mark I Restoration SVC, "… performed work at Plaintiff's residence and introduced certain chemicals, deodorizers, odor eliminators, and/or other foreign substances in an attempt to eliminate Plaintiff's house odor problems." (See Exhibit "3", ¶13).

19. Additionally, the Joinder Complaint alleged, in part, as follows:

> If Plaintiff's [Christine Broadwell] claims are proven … then the same arose in whole or in part by the negligent acts or omissions of Additional Defendants, Klean-Air and Mark I Restoration SVC, including but not limited to the application, spraying and dispersal of chemicals, deodorizers, odor eliminators, and/or other foreign substances.

(See Exhibit "3", ¶14).

20. Upon notice of the underlying lawsuit, Plaintiff, Mark I Restoration SVC timely advised their insurance agent, J.S. Braddock Agency of the suit.

21. After an extended period of time, Zurich denied coverage to Plaintiff, Mark I Restoration SVC under correspondence dated April 2, 2001. (A true and correct copy of this correspondence is attached here as Exhibit "4").

22. Zurich denied both coverage and indemnification based solely on the pollution exclusion. (See Exhibits "1" and "4").

23. Zurich conducted no investigation of the facts and circumstances of the Complaint as they pertained to Mark I Restoration SVC when is issued its denial.

24. Zurich's denial is based on its erroneous determination that the, "… lawsuit is a claim for 'bodily' injury as a result of alleged exposure to 'pollutants'", specifically, the pollution exclusion found under Section f(1)(d)(i) precludes coverage. (See Exhibit "4").

25. In the time between Mark I Restoration's notice to the Braddock Agency and the date of Zurich's denial letter, no one from Zurich ever communicated with anyone from Mark I Restoration.

26. In an effort to clarify any purported misunderstandings that Zurich may have had with regard to Mark I Restoration's involvement at Ms. Broadwell's property, the President of Mark I Restoration SVC, Fred W. Schultz directed correspondence to Zurich on April 9, 2001.

27. Therein, Zurich was advised that Mark I Restoration's job was strictly structural along with ozone treatment, which included no chemicals or other substances. (A true and correct copy of this correspondence is attached hereto as Exhibit "5").

28. Mark I Restoration was called to do construction work, including removing sub-flooring on an enclosed porch at the Broadwell property.

29. Later, the Nationwide adjuster approved a supplemental expenditure for the removal of additional plywood and sub-flooring; ultimately, a third estimate for caulking and ozone treatment was completed.

30. Although Mark I Restoration made several inquiries, Zurich refused to respond.

31. The itemized statement of the work that Mark I Restoration performed at the Broadwell location demonstrates that Mark I Restoration did not use any chemicals in the work it performed. (A true and correct copy of this itemized statement of work is attached hereto as Exhibit "6").

32. Mark I Restoration SVC was forced to retain counsel and expend significant sums in order to defend the underlying action and to seek declaratory relief in this coverage matter.

33. On August 8, 2001, Mark I Restoration, through its attorney of record, again contacted Zurich in order to resolve the instant coverage dispute.

34. Zurich restated its denial of coverage in this matter pursuant to the pollution exclusion found at Section f (1)(d)(i) of the policy.

35. In May 2002, summary judgment was granted on behalf of Mark 1.

36. Plaintiff now seeks declaratory relief under the Declaratory Judgment Act 42 Pa. C.S. §7531 et seq., as well as relief pursuant to 42 Pa. C.S. §8371 for Zurich's bad faith in their handling of this claim.

## COUNT I
## DECLARATORY JUDGMENT RELIEF 28 U.S.C. §2201

37. Plaintiff incorporates by reference all proceeding paragraphs as though fully set forth herein by reference.

38. This action is filed pursuant to the Federal Declaratory Judgment Act 28 U.S.C. §2201.

39. A declaratory judgment action is appropriate in construing insurance contracts in order to determine whether an insurer is obliged to defend and/or to indemnify one making a claim under the relevant policy.

40. The policy defines "pollutants" as follows:

> I. 'Pollutants' means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

(See Exhibit "1", p. 28, ¶I)

41. The allegations of the Complaint come within the ambit of coverage since the Joinder Complaint against Mark I Restoration SVC, which incorporates by reference the allegations of the original Complaint, alleges that the injuries of the original Plaintiff, Christine Broadwell may

6

have been caused by the introduction of certain agents and/or other acts. (See ¶16 above; Exhibit "3", ¶14).

42. Here, the duty to defend arises since the allegations against the insured, Mark I Restoration SVC state a claim to which the policy potentially applies.

43. Further, original Defendant, Work Restoration, Inc. failed, in its Complaint, to identify any substance allegedly used by Mark I Restoration SVC on the Broadwell property.

44. Since the Complaint does not identify the substances allegedly used by Mark I Restoration SVC, such substances necessarily cannot be deemed "pollutants".

45. Zurich has failed to investigate and, therefore cannot prove that the substance purportedly involved was actually a "pollutant", since that substance has never been identified by Zurich.

46. As outlined above, Mark I Restoration did not introduce any chemical, agents or other foreign substances into the Broadwell home.

47. Consequently, the pollution exclusion cannot apply to the claims and/or the actual acts underlying this case.

48. Under the terms and conditions of the insurance policy, Zurich is obligated to defend and indemnify Plaintiff based upon the original Complaint and Joinder Complaint filed in the Common Pleas Court of Philadelphia County.

49. Nothing in the provisions or exclusions of the subject insurance policy in any way excludes Plaintiff from coverage for the acts alleged in the Complaint and Joinder Complaint attached hereto as Exhibits "2" and "3".

**WHEREFORE**, Plaintiff, Mark I Restoration, SVC respectfully requests that this Honorable Court enter judgment in its favor and declare that:

(a) Defendant, Zurich is obligated to defend and indemnify Plaintiff under the terms of the policy for the claims in the original and the Joinder Complaint;

(b) None of the exclusions in the Zurich policy in any way excludes Plaintiff from coverage

for the aforementioned claim;

(c) Reimburse Mark I for all attorney's fees and costs, which it has incurred as a result of Zurich's wrongful denial, and

(d) Provide any other relief that this Honorable Court deems just and equitable including but not limited to Court costs, attorney's fees, and/or punitive damages.

## COUNT II
## BAD FAITH CLAIM

50. Plaintiff incorporates by reference all proceeding paragraphs as though fully set forth herein by reference.

51. 42 Pa. C.S. §8371 provides for actions on insurance policies as follows:

> In an action arising under an insurance policy, if the Court finds that the insurer has acted in bad faith toward the insured, the Court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent;
>
> (2) Award punitive damages against the insurer; and
>
> (3) Assess Court costs and attorney fees against the insurer.

52. Plaintiff was an "insured" of Zurich within the meaning of 42 Pa. C.S. §8371, which statute imposes a duty on Zurich to act in good faith in dealing with the Plaintiff in handling the claim including but not limited to the determination of coverage and/or indemnification, as set forth above.

53. Instead of complying with this duty, Zurich acted without reasonable basis in the following actions and omissions:

(a) Failing to conduct an adequate and/or reasonable investigation of Plaintiff's claim;

  (b) Denying coverage without having conducted an adequate and/or reasonable investigation of Plaintiff's claim based on all of available information.

  54. Zurich knowingly or recklessly disregarded its lack of reasonable basis for each of the above actions and omissions. Zurich's actions in handling Plaintiff's claims, including its denial of coverage and/or indemnification, were in reckless disregard of Plaintiff's rights and were willful, wanton and outrageous.

  55. All of which has caused damages to Plaintiff including but not limited to costs and attorney's fees and loss of use of such sums.

  **WHEREFORE**, Plaintiff demands judgment against Defendant for all damages provided for under 42 Pa. C.S. §8371, including without limitation, punitive damages, attorney's fees, interest and costs.

            **MAYERS, MENNIES & SHERR, LLP**

            BY:_____
              ANTHONY R. SHERR, ESQUIRE
              Attorney for Plaintiff

              3031 Walton Road, Building A
              Suite 330, P.O. Box 1547
              Blue Bell, PA 19422-0440
              (610) 825-0300
              Fax (610) 825-6555