**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK I RESTORATION SVC,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 02-3729 |
| vs. | : | |
| **ZURICH (properly ASSURANCE COMPANY OF AMERICA),** | : | |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Assurance Company of America ("Assurance") (improperly named as "Zurich"), respectfully submits this reply memorandum in support of defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

1. **Mark I Continues To Assert Its Entitlement To Coverage Based On A Mischaracterization Of The Allegations Made Against It In The Underlying Litigation.**

Mark I continues to assert its entitlement to coverage from Assurance based on a mischaracterization of the allegations in the underlying litigation. Mark I asserts that the claims made against it in the third-party complaint in the Broadwell action included allegations not related to the negligent use of pollutants, such as general negligence on Ms. Broadwell's property or negligence in using appropriate substances in an improper manner. Mark I reaches this erroneous conclusion on the basis that the original complaint in the Broadwell action contains such allegations,

and the third-party complaint filed against Mark I supposedly incorporated the original complaint by reference.

Assurance continues to dispute that the third-party complaint in the Broadwell action incorporated by reference the allegations of the original complaint in the Broadwell action.[1] Moreover, even if it did, that fact would not alter the nature of the allegations made against Mark I *in the third-party complaint*. It is these allegations for which coverage has been sought and on which the determination of Assurance's duty to defend must be based.

## 2. Allegations That Mark I Used Deodorizers, Odor Eliminators And/Or Foreign Substances Do Not Obviate The Applicability Of The Absolute Pollution Exclusion.

Mark I states that paragraph 14 of the third party complaint in the Broadwell action also includes other products, i.e., deodorizers, odor eliminators and/or foreign substances, which, Mark I asserts, do not fall within the pollution exclusion. A similar argument to was made and rejected in *Hyde Athletic Industries v. Continental Cas. Co.*, 969 F.Supp. 289 (E.D. Pa. 1997). In *Hyde*, the insured argued that the face of the underlying complaints contained claims for property damage which might have been caused by something other than the discharge of pollutants. One of the underlying complaints at issue alleged that the insured, a shoe manufacturing company, disposed of, among other things, scrap leather and glues.

The *Hyde* court rejected this argument, stating:

> Plaintiffs' argument is unavailing. It asks the court to forget that the underlying Government Complaint and the two third-party complaints

---

[1] While this is a factual question that can be resolved by reference to the relevant documents, Mark I states the following in its opposition: "Original Defendant, Work Restoration, Inc. incorporated by reference this Complaint [the original Broadwell complaint] in Count I of its Joinder Complaint where (sic). (See Exhibit "3")." See Mark I Opposition Brief at 7. The aforementioned statement and reference to Exhibit 3 does nothing to alter the fact that the third-party complaint in the Broadwell action does not incorporate by reference the allegations of the original complaint in the Broadwell action.

>were CERCLA and Pennsylvania HSCA [Hazardous Sites Cleanup Act] cases. The complaints refer repeatedly to the disposal and arrangement for disposal of hazardous substances, chemicals, and wastes which damaged the water and land around the Site. Reading the face of the complaints, no reasonable jury could conclude that the Government and the third-party plaintiffs are referring to anything except the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants. The nature of the underlying claims clearly triggers the pollution exclusion clause.

*Hyde* at 296 – 297.[2]

In reaching this conclusion, the *Hyde* court stated, "It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend." *Id.* at 297 (citation omitted). In setting out the rules governing an insurer's duty to defend under Pennsylvania law is the opposition brief, Mark I cites verbatim the same legal standard as the *Hyde* court.

Just as the *Hyde* court determined that the plaintiff's argument asks the court to forget that the underlying government complaint and the two third-party complaints were CERCLA and Pennsylvania HSCA cases, it is Assurance's position that, Mark I is also asking this Court to forget that Ms. Broadwell's original complaint against Work Restoration, giving rise to the third-party complaint against Mark I, seeks damages related to chemical sensitivity. Thus, the allegations against Mark I in the third-party complaint fall squarely within the terms of the absolute pollution exclusion contained in the Assurance policy.

---

[2] Assurance is mindful that a discussion of *Hyde* is included in its Memorandum of Law in support of its Rule 12(b)(6) Motion. Assurance is now citing *Hyde* to point out that the case contained allegations that the insured, a shoe manufacturing company, disposed of, among other things, scrap leather and glues. Given the nature of the argument being made by Mark I in its opposition brief --- that the Joinder Complaint also included other products which, Mark I asserts, do not fall within the pollution exclusion -- this is an important fact about *Hyde*, and one that was not included in Assurance's original Memorandum of Law.

3

### 3. Assurance Has Moved To Dismiss Count II Of Mark I's Complaint.

Mark I states in its Brief that Assurance has not moved to dismiss Count II of the Complaint, which alleges bad faith pursuant to 42 Pa. C.S.A. Section 8371. Assurance vigorously disputes this assertion. While Assurance's motion to dismiss speaks for itself, it should be noted that such motion provides the following verbatim text:

> Defendant, Assurance Company of America, by and through its attorneys, Christie, Pabarue, Mortensen and Young, A Professional Corporation, hereby moves this Honorable Court for dismissal of <u>all claims</u> pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in the accompanying Memorandum of Law (emphasis added).[3]

Accordingly, Mark I's claim for declaratory relief pursuant to the Federal Declaratory Judgment Act and damages pursuant to Pennsylvania's bad faith insurance statute should be dismissed with prejudice.

                                          **CHRISTIE, PABARUE, MORTENSEN and YOUNG,**
                                          A Professional Corporation

By: _____
     **JAMES W. CHRISTIE (I.D. No. 12068)**
     **WILLIAM F. MCDEVITT (I.D. No. 80206)**
     1880 JFK Boulevard, 10th Floor
     Philadelphia, PA 19103
     (215) 587-1600

     Attorneys for Defendant,
     Assurance Company of America ("Assurance")

Dated: September 3, 2002

---

[3] In addition, Assurance's Memorandum of Law in support of its Motion to Dismiss provides as follows:

> Accordingly, Mark I's claim for declaratory relief pursuant to the Federal Declaratory Judgment Act and damages pursuant to Pennsylvania's bad faith insurance statute should be dismissed with prejudice.

<u>IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| **MARK I RESTORATION SVC,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 02-3729 |
| vs. | : | |
| **ZURICH (properly ASSURANCE COMPANY OF AMERICA),** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT <u>PURSUANT TO RULE 12(b)(6)</u>

Defendant, Assurance Company of America ("Assurance") (improperly named as "Zurich"), respectfully requests leave of this Court to submit the attached Reply Memorandum in Support of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                        **CHRISTIE, PABARUE, MORTENSEN
and YOUNG,
A Professional Corporation**

                      **By:** _____
                                    **JAMES W. CHRISTIE (I.D. No. 12068)
WILLIAM F. MCDEVITT (I.D. No. 80206)**
                                    1880 JFK Boulevard, 10th Floor
                                    Philadelphia, PA 19103
                                    (215) 587-1600

                                    Attorneys for Defendant,
                                    Assurance Company of America ("Assurance")

Dated: September 3, 2002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion For Leave to File Reply Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Reply Memorandum in Support of Defendant's Motion to Dismiss were served today via first class mail to all counsel of record at the addresses listed below:

Anthony R. Sherr, Esquire
Mayers, Mennies & Sherr LLP
3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA  19422-0440

_____
JAMES W. CHRISTIE

Dated:  September 3, 2002