IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK I RESTORATION SVC,<br>**Plaintiff** | :<br>:<br>: | |
| v. | :<br>: | CIVIL ACTION<br>NO.   02-3729 |
| ASSURANCE COMPANY OF<br>AMERICA,<br>**Defendant** | :<br>:<br>: | |

### ORDER

**AND NOW**, this 2nd day of June, 2003, upon consideration of Plaintiff's Motion for Extension of Time [Doc. # 14], and Defendant's May 30, 2003 letter to the Court stating that it does not oppose Plaintiff's Motion, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.[1]  It is further **ORDERED** that Plaintiff is granted an enlargement of time until April 14, 2003 in which to file its Notice of Appeal.

It is so **ORDERED**.

BY THE COURT:

_____
**CYNTHIA M. RUFE, J.**

---

[1] In a March 12, 2003 Memorandum and Order, the Court dismissed with prejudice Plaintiff's Complaint. See Mark I Restoration SVC v. Assurance Co. of Am., 248 F. Supp. 2d 397 (E.D. Pa. 2003).  Plaintiff filed a Notice of Appeal on April 14, 2003, which is beyond the thirty day time period permitted under Fed. R. App. P. 4(a)(1)(A).  Plaintiff then filed the instant motion on May 5, 2003, asking this Court to grant an extension of time to file its Notice of Appeal under Fed. R. Civ. P. 6(b)(2).  Plaintiff claims that it miscalculated the deadline for filing the Notice of Appeal, and seeks an extension based on excusable neglect.  Although Plaintiff fails to identify correctly the provision governing extensions in these circumstances, and although Plaintiff's claim of "neglect" is sometimes not deemed to be excusable, because Defendant does not oppose Plaintiff's motion, the Court will accept Plaintiff's excuse, and grant the motion.  See Fed. R. App. P. 4(a)(5)(A); Amatangelo v. Borough of Donora, 212 F.3d 776, 779 (3d Cir. 2000) ("Rule 4(a)(1), which establishes the time to appeal, is neither obscure nor difficult to understand.") ("surely, it is not too much to ask that an attorney know the time for an appeal").